WILLIAM L. WHITNEY v. STATE OF NEBRASKA.

FILED JANUARY 20, 1919. No. 20401.

1. **Forgery**: INSTRUCTION: EVIDENCE. Evidence examined, its substance set out in the opinion, and *held* to warrant the giving of the instruction quoted.

2. ———: ———. An instruction defining the essential elements of the crime of uttering a forged instrument given in substantially the language of the statute is sufficient.

ERROR to the district court for Thayer county: RALPH D. BROWN, JUDGE. *Affirmed.*

*J. P. Baldwin, M. H. Weiss* and *Anderson & Baylor,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *Orville L. Jones, contra.*

MORRISSEY, C. J.

Defendant prosecutes error from a conviction in the district court for Thayer county. The information contains two counts: The first charges the forgery of a promissory note; the second charges the uttering and publishing of the note, knowing it to have been forged.

For many years defendant has been a resident of Hebron, and has held a number of offices, including that of county judge. He does not appear to have been admitted to the bar, but he was called in to assist in the settlement of the estate of the deceased husband of one Sylvia Stauber. During the settlement of this estate, defendant learned that Mrs. Stauber desired to loan money, and in May, 1916, he undertook to loan for her $500. She delivered to him a certificate of deposit for $500. Subsequently he delivered to her a promissory note dated Hebron, Neb., May 6, 1916, payable one year after date to the order of defendant, and signed "J. M. Gumble, S. R. Gumble," together with his own note of the same date, and for the same amount, pay-

able to Mrs. Stauber. He did not indorse the note signed "J. M. Gumble, S. R. Gumble," or make it payable to Mrs. Stauber. He represented to Mrs. Stauber that the Gumbles lived near Daykin in the adjoining county of Jefferson, and were financially responsible.

Subsequent to the delivery of the notes to Mrs. Stauber, her grandson, acting for her, called upon defendant and, procured his indorsement to the note bearing the name Gumble, and surrendered to defendant the note which he had executed. About the time the note bearing the names J. M. Gumble and S. R. Gumble fell due, it was delivered to defendant for collection. Defendant held the note for some time without making collection, but, from time to time, informed Mrs. Stauber, or her grandson, that he had received a letter from one of the makers stating that the note would soon be paid. Finally Mrs. Stauber caused inquiry to be made in Jefferson county for the parties whose names appeared on the note. In the neighborhood where defendant said the makers of the note resided were found one J. M. Gumble, and his mother, Sarah R. Gumble; but these persons denied the execution of the note. No other persons named J. M. Gumble or S. R. Gumble were found.

The state proved by J. M. Gumble and Sarah R. Gumble that they did not sign the note, and also proved by them and other witnesses that no other parties so named were known to live in Jefferson county. No expert evidence as to penmanship was offered by the state.

Defendant admitted that neither J. M. Gumble nor Sarah R. Gumble was the party from whom he procured the note. He claimed to have formed the acquaintance some years before of a man named Gumble, who represented himself to be the son of an old acquaintance of defendant, and that he procured the note from this acquaintance. Defendant testified that, May 4, 1916, he met this acquaintance at Fairbury, Jefferson county, and the making of the loan was talked over between them,

and that defendant examined the records of Jefferson county to ascertain the financial standing of the party desiring to procure the loan; that he found the title to a quarter section of land to rest in John Gumble; that, upon examination of the records in the office of the county judge, he found that John Gumble was dead, and that this quarter section of land had descended to his seven children, subject to the interest of the widow, Sarah R. Gumble; that defendant believed the party with whom he was dealing was one of the sons of John Gumble; that he wrote the note at Fairbury, and delivered it to the party with whom he was dealing, telling him, that if he and his mother would execute the same, defendant would meet him at Fairbury two days later and let him have the money; that, pursuant to this agreement, defendant returned to Hebron, procured a certificate of deposit from Mrs. Stauber, returned again to Fairbury, cashed the certificate of deposit, delivered to this party $500 in money, and received the note. He denies the forgery, and asserts that he loaned the money and took the note in good faith. He also offered in evidence a letter, signed J. M. Gumble, which referred to this note and promised payment. He claims to have received still another letter, but did not produce it at the trial. There is also in evidence the testimony of witnesses to the effect that the signatures to the notes are not in the handwriting of defendant. The probative force of this testimony was somewhat weakened under cross-examination.

The court gave the following instruction: "You may find the defendant guilty on both counts of the information, or not guilty on both counts, or guilty on one of the counts and not guilty on the other count, as you may conclude that you are justified in finding from the evidence." After verdict, defendant's counsel filed a motion in arrest of judgment, and alleged that as to the first count—the count charging forgery—there was a total failure of proof of the crime having been com-

mitted in Thayer county; that, if there was any for-
gery committed, it was in Jefferson county. Without
passing directly on the motion in arrest of judgment, the
court found that it could not impose sentence on both
counts of the information, and then pronounced sentence
under the second count thereof.

On the question of venue, it may be said that the note
appears on its face to have been executed in Thayer
county and is made payable there. True, defendant
testifies that he wrote the note in Jefferson county, but
on that point he is without corroboration. He was in
Thayer county, as well as in Jefferson county, on the
day that the note bears date. His home was in Thayer
county. No witness, except defendant, testifies to having
seen the note in Jefferson county. It was delivered to
Mrs. Stauber in Thayer county, and it was there she
parted with the consideration for its delivery. The
circumstances were such that the court might well leave
the jury to determine where the note was executed.

Perhaps it is more difficult to say whether the evi-
dence is sufficient to warrant a conviction of forgery.
The story told by defendant is unusual. He claims to
have dealt honestly and to have exercised caution in
looking up the financial standing of the party with whom
he dealt, but made no effort to ascertain his identity or
to determine his moral worth. Defendant claims to
have given Gumble currency at the hotel in Fairbury.
The more usual method would be to give a check, or
draft, or to have taken Gumble to the bank, where the
currency was procured on Mrs. Stauber's certificate of
deposit, and there have paid the money. Defendant ap-
pears to have been a man of good standing in his com-
munity. He was trusted by Mrs. Stauber to make the
loan, and afterwards had this note in his possession for
a considerable time. It is argued that he might easily
have destroyed the note. These matters are entitled to
consideration, but they were all before the jury, and we
cannot say that the jury were not warranted in re-

solving all doubts against the defendant.

It is urged that the court erred in instructing the jury that they might find the defendant guilty on both counts. If the evidence were not sufficient to sustain the charge of forgery, it might be prejudicial to so instruct, but, as we have pointed out, we cannot say that the evi-dence was not sufficient to warrant a conviction on that count of the information. It is sufficient to sustain the verdict on the second count. It follows that the instruc-tion was properly given.

An instruction defining the elements of the crime al-leged in the second count of the information is criticised. This instruction told the jury that one of the essential elements of the crime was "the uttering of the same as true and genuine, knowing it to be false." It is said in the brief that the court failed to give the jury the definition of the word "uttering," and that he ought to have told the jury that uttering "is to declare or assert directly or indirectly, by words or actions, that it (the instrument) is good." Defendant sets out the general definition, but the language employed by the court is of the same general purport and meaning. It follows the language of the statute, and no clearer or fuller definition was requested. When the entire in-struction is read, it clearly states the issue, and it is without prejudice to defendant.

While the evidence of the state is not entirely satis-factory, we are unable to say that it is not sufficient to sustain the verdict, and the judgment is

AFFIRMED.

LETTON, J., not sitting.